**WO**                                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Allan Andresen,<br><br>  Plaintiff,<br><br>vs.<br><br>Joe Arpaio, et al.,<br><br>  Defendants. | No. CV 05-2767-PHX-MHM (MEA)<br><br>**ORDER** |

On September 9, 2005, Plaintiff Douglas Allen Andresen, presently confined in the Maricopa County Lower Buckeye Jail, filed a Civil Rights Complaint by a Prisoner pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  This is one of more than 1,000 civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]

The Court will require an answer to the Complaint.

**Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1  $250.00 for this action. An initial partial filing fee of $0.33 will be assessed by this
2  Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate
3  agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to
4  the Clerk of Court.

5  Plaintiff will be obligated for monthly payments of 20% of the preceding month's
6  income credited to Plaintiff's trust account. The Court will direct the appropriate agency to
7  collect these monthly payments, which will be forwarded to the Clerk of Court each time the
8  amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
9  § 1915(b)(2).

10  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
11  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
12  release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
13  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
14  he is unable to pay the remainder of the filing fee.

15  **Statutory Screening of Prisoner Complaints**

16  The Court is required to screen complaints brought by prisoners seeking relief against
17  a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
18  § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
19  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
20  may be granted, or that seek monetary relief from a defendant who is immune from such
21  relief. 28 U.S.C. § 1915A(b)(1), (2).

22  **Claims and/or Parties to be Served and/or Dismissed**

23  The following are named as Defendants in the Complaint: 1) Maricopa County Sheriff
24  Joe Arpaio; 2) Maricopa County Board of Supervisors; and 3) Captain Peters, Jail
25  Commander, Durango Jail.

26  Plaintiff alleges two grounds of relief in the Complaint: 1) Plaintiff's Fourteenth
27  Amendment rights are violated by severe overcrowding; and 2) Plaintiff's Fourteenth
28  Amendment rights are violated by unsanitary living conditions and bathroom facilities. These

TERMPSREF                                   - 2 -

1 allegations adequately state a claim, and the Court will require Defendants Arpaio and
2 Maricopa County Board of Supervisors to answer the Complaint.

3 **Dismissal of Defendant Peters**

4 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In this case Plaintiff has failed to link Defendant Peters with any of his alleged injuries. Accordingly, Defendant Peters will be dismissed from this action.

**Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED as follows:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

1       (2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. An
2  initial partial filing fee in the amount of $0.33 is assessed.  All fees shall be collected and
3  paid in accordance with this Court's Order to the appropriate government agency filed
4  concurrently herewith.

5       (3) Defendant Peters is DISMISSED WITHOUT PREJUDICE from this action.

6       (4) The Clerk of Court shall send Plaintiff a service packet including the Complaint,
7  this Order, and both summons and request for waiver forms for Defendants Arpaio and
8  Maricopa County Board of Supervisors.

9       (5) Plaintiff shall complete and return the service packet to the Clerk of Court within
10  20 days of the date of filing of this Order.  The United States Marshal will not provide
11  service of process if Plaintiff fails to comply with this Order.

12      (6) If Plaintiff does not either obtain a waiver of service of the summons or complete
13  service of the Summons and Complaint on each Defendant within 120 days of the filing of
14  the complaint or within 60 days of the filing of this Order, whichever is later, the action may
15  be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
16  Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

17      (7)  The United States Marshal shall retain the Summons, a copy of the Complaint,
18  and a copy of this Order for future use.

19      (8) The United States Marshal shall notify Defendants of the commencement of this
20  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
21  Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule
22  4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants shall include a
23  copy of this Order. The Marshal shall file waivers of service of the summons or requests for
24  waivers that were returned as undeliverable as soon as they are received.  If a waiver of
25  service of summons is not returned by a Defendant within thirty days from the date the
26  request for waiver was sent by the Marshal, the Marshal shall:

27
28

     (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure;

     (b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(12) Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(13) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(14) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff.

(15) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 6th day of April, 2006.

_____
Mary H. Murguia
United States District Judge